14-780-cv
*Weinberg v. Consol. Edison Co. of N.Y., Inc.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 22nd day of January, two thousand fifteen.

Present:    ROBERT A. KATZMANN,
                         *Chief Judge*,
            AMALYA L. KEARSE,
            REENA RAGGI,
                         *Circuit Judges*.

_____

FREDDA WEINBERG,

                         *Plaintiff-Appellant*,

                         v.                                    No. 14-780-cv

CONSOLIDATED EDISON CO. OF NY INC.,

                         *Defendant-Appellee.*

_____

For Plaintiff-Appellant:          Fredda Weinberg, pro se, Brooklyn, NY.

For Defendant-Appellee:           Danitra T. Spencer, Richard A. Levin, and Steven M. Scotti, Consolidated Edison Co. of NY Inc., New York, NY.


        Appeal from the United States District Court for the Eastern District of New York (Townes, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Fredda Weinberg, proceeding pro se, appeals the district court's grant of summary judgment in favor of Defendant-Appellee Consolidated Edison Company of New York, Inc. ("ConEd"), dismissing her claims of employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and state law. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of summary judgment, which "is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). We resolve all ambiguities and draw all reasonable factual inferences in favor of the nonmovant. *See Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.*, 182 F.3d 157, 160 (2d Cir. 1999).

Summary judgment in favor of ConEd was appropriate because the record and case law reveal that, as the district court correctly found, Weinberg was an independent contractor and not an employee of ConEd. *See Salamon v. Our Lady of Victory Hosp.*, 514 F.3d 217, 226 (2d Cir. 2008) ("Once a plaintiff is found to be an independent contractor and not an employee . . . the Title VII claim must fail."). Furthermore, we perceive no abuse of discretion in the district court's declining to exercise supplemental jurisdiction over Weinberg's state-law claims.

We have considered Weinberg's remaining arguments and we find them to be without merit. For the reasons stated herein and in the district court's decision, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

2